CASE 62—PETITION EQUITY—September 13.

# Passmore, &c., v. Eastin's Adm'r.

APPEAL FROM MERCER CIRCUIT COURT.

MECHANICS' LIEN ON PROPERTY OF MARRIED WOMAN.—A person who performs labor or furnishes material in the erection of improvements upon the land of a married woman is not entitled to a lien on the property therefor unless the contract for the improvement was in writing signed by the wife.

POSTON AND JACOBS FOR APPELLANTS.

Any contract to bind a married woman's real estate, or to subject it to debt for necessaries, must be in writing, and signed by her. (Bergen v. Forsythe, 17 B. M., 556; Marshall v. Miller, 3 Met., 334; Marsh v. Alford, 5 Bush, 392.)

PHIL. B. THOMPSON, SR., FOR APPELLEE.

The mechanics' lien law does not require the contract to be in writing, although the owner of the property be a married woman; and as a married woman will not be protected in practicing a fraud, she will not be permitted to enjoy the improvements made upon her property at her instance, and yet refuse to pay for them.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

William Eastin, administrator of whose estate is appellee, brought this action under article 1, chapter 70, General Statutes, to enforce a lien upon land owned by appellant, M. B. Passmore, wife of appellant, Geo. Passmore, for satisfaction of an amount alleged due for labor done and materials furnished in construction of a stone foundation of a dwelling-house erected on the land.

It seems to be admitted the husband contracted with and agreed to pay Eastin for his services; but though it is manifest the wife expressly or tacitly accepted them, so far as she could, in legal contemplation, and got and has since enjoyed benefit thereof, she denies she made or ratified the contract.

Section 1 of the statute provides, in substance: "A person who performs labor or furnishes materials in the erection of * * * a house, * * * or for the improvement, in any manner, of real estate by *contract with*, or by the *written consent of the owner*, shall have a lien thereon, and upon the land upon which such improvements may have been made,

or on any interest such owner has in the same, to secure the amount thereof, with costs."

. It is not alleged or proved that M. B. Passmore gave her *written* consent for performance of labor and furnishing materials by Eastin in constructing the stone foundation; and if she made with him any contract therefor, it was verbal, and not in writing signed by her, consequently not binding or enforceable; for section 2, article 2, chapter 52, provides that real estate of a married woman shall not be liable for any debt or responsibility of her husband, contracted or incurred before or after marriage, nor for her debts or responsibilities contracted after marriage, except on account of necessaries for herself, or a member of her family, her husband included, *as shall be evidenced by writing signed by her.*

So, even if it be conceded dwelling-houses are, in meaning of the statute, "necessaries" for building which a married woman may make her real estate liable, still the indispensable condition of the validity of the contract appellee seeks to enforce against M. B. Passmore is lacking—it is not "evidenced by writing signed by her."

But it is contended in argument that, as section 1, article 1, chapter 70, does not in terms make a condition of existence and enforcement of a mechanic's lien, that the contract therein mentioned shall, in any case, be in writing, and signed by the owner of real estate upon which the house may be built, the lien exists, and may be enforced in this case as though M. B. Passmore was unmarried.

It is true no express exception to operation of that

statute is made in favor of married women; nevertheless, it must be considered and construed as part of a general system of laws, and, if possible, made to harmonize with the other statute, which prescribes the conditions upon which a married woman may by contract encumber her real estate with liens. Otherwise, there would have to be given by implication, and contrary to the well settled policy of this State, validity and efficacy for special purposes provided for in article 1, chapter 70, to verbal contracts of married women that are elsewhere in the General Statutes expressly and clearly made invalid and unenforceable. There need be no case of hardship under the statute as construed and understood, for every one dealing with a married woman can, by reducing the contract with her to writing, as Eastin might have done, make it binding upon her. On the other hand, irreparable and unavoidable wrong and injury would result from a repeal or relaxation of the statute. But with the expediency and policy of statutes we have nothing to do. In this case it is so plainly written that no other alternative is left but to decide that no lien exists upon the real estate sought to be subjected by appellee; and, consequently, the judgment of the lower court is reversed, and cause remanded for the action to be dismissed